No. 15-3740

# In The
# United States Court Of Appeals
## For The Seventh Circuit

Carol Chesemore, et al.,
Plaintiffs,

v.

David B. Fenkell,
Defendant-Appellant,

and

Alliance Holdings, Inc., et al.,
Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Wisconsin,
Case No. 3:09-cv-00413-wmc
The Honorable William J. Conley, Presiding.

## SUPPLEMENTAL APPENDIX TO BRIEF OF DEFENDANTS-APPELLEES ALLIANCE HOLDINGS, INC., A.H.I., INC., AH TRANSITION CORPORATION,  AND ALLIANCE HOLDINGS, INC. EMPLOYEE STOCK OWNERSHIP PLAN

### VOLUME I

Charles C. Jackson
William J. Delany
Erin E. McAdams
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
313.324.1000

Attorneys for Alliance Holdings,
Inc., A.H.I., Inc., and AH
Transition Corporation

Lars C. Golumbic
Sarah M. Adams
Groom Law Group
1701 Pennsylvania Avenue N.W.,
Ste. 1200
Washington, DC 20006-0000
202.861.6615

Attorneys for Alliance Holdings, Inc.
Employee Stock Ownership Plan

# TABLE OF CONTENTS

**PAGE**

## VOLUME I

(Docket 1017)
Order Permitting Registration of the Judgment
Filed November 17, 2014..................................................................... SA-1

(Docket 1049)
Order Denying Fenkell's Motion to Quash Subpeonas on Financial
Institutions
Filed July 8, 2015............................................................................... SA-4

(Docket 1099)
September 10, 2015 Minute Entry For Contempt Hearing
Filed September 11, 2015.................................................................... SA-7

(Docket 1102 *SEALED)
September 10, 2015 AM Hearing Transcript for Contempt Hearing
Filed September 16, 2015.................................................................... SA-8

(Docket 1103 *SEALED)
September 10, 2015 Exhibits from Contempt Hearing
Filed September 16, 2015.................................................................. SA-104

## VOLUME II

(Docket 1104 *SEALED)
September 10, 2015 PM Hearing Transcript for Contempt Hearing
Filed September 16, 2015.................................................................. SA-253

(Docket 1143)
Order denying Motion That Sanctions Commence Immediately
Filed December 15, 2015 .................................................................. SA-356

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                        Plaintiffs,                                ORDER

            v.                                              09-cv-413-wmc

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                        Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                        Cross Claimants,

            v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                        Cross Defendants.

---

The court is now in receipt of an unopposed motion by plaintiffs, nominal

defendant Alliance Holdings, Inc. ESOP, and defendant Alliance Holdings, Inc. to permit

registration of judgment for enforcement against co-defendant Fenkell in other districts

pursuant to 28 U.S.C. § 1963.  (Dkt. #1006.)  Fenkell has filed no objection to this motion.  Having provided good grounds, the court will grant the motion.

On September 8, 2014, the court entered judgment against David. C. Fenkell, requiring him to (1) restore $2,044.014.42 to the Alliance Holdings, Inc. ESOP, (2) indemnify certain co-defendants for compensatory damages they are required to pay, and (3) pay plaintiffs' counsel $1,854,008.50 in attorneys' fees. (Dkt. #986.)[1]

As a result of various settlements and assignment of claims between other co-defendants, the Alliance ESOP and Alliance together now appear to be judgment creditors of Fenkell in the amount of $7,148,022.92 plus post-judgment interest.  (Mot. (dkt. #1006) 5-6.).  On October 3, 2014, Fenkell filed a notice of appeal, which was then amended on October 31, 2014.  In both cases, he neglected to post a supersedeas bond in support of a stay pursuant to Fed. R. Civ. P. 62(d).

Title 28 U.S.C. § 1963 provides in pertinent part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . , when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

---

[1] The judgment was amended on October 16, 2014, to clarify that the $1,854,008.50 award was for attorneys' fees (not attorneys' fees and costs).  (Dkt. #999.)

The moving parties have demonstrated that Fenkell has (1) insufficient property in this district; (2) substantial assets elsewhere; and (3) elected not to post a bond. *See Chicago Downs Assoc., Inc. v. Chase*, 944 F.2d 366, 371-72 (7th Cir. 1992) (assessing these factors in affirming a district court's finding of good cause under § 1963). While these findings alone would appear to constitute good cause for relief under § 1963, this court would be remiss not to note, as further reasons to permit the Alliance defendants to attempt to execute on Fenkell's assets without a supersedeas bond on appeal, the following: (1) the financial sophistication of Mr. Fenkell; (2) past steps he has taken to move assets outside the reach of defendants, including transferring funds to his wife; and (3) the likelihood that he will take other steps to avoid payment of the judgment, even if upheld on appeal. (*See* 6/3/14 Opinion & Order (dkt. #790) 30 (describing Fenkell as "far and away the most culpable party"); 10/16/13 Opinion 7 Order (dkt. #824) (describing allegations that Fenkell transferred phantom stock proceeds to his wife Karen Fenkell).) Accordingly,

IT IS ORDERED that plaintiffs, nominal defendant Alliance Holdings, Inc. ESOP, and defendant Alliance Holdings, Inc.'s motion to permit registration of judgment for enforcement in other districts pursuant to 28 U.S.C. § 1963 (dkt. #1006) is GRANTED.

Entered this 17th day of November, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CAROL CHESEMORE, DANIEL
DONKEL, THOMAS GIECK, MARTIN
ROBBINS, and NANETTE STOFLET, on
behalf of themselves, individually, and on
behalf of all others similarly situated,

                Plaintiffs,                         ORDER

     v.                                           09-cv-413-wmc

ALLIANCE HOLDINGS, INC., DAVID B.
FENKELL, PAMELA KLUTE, JAMES
MASTRANGELO, STEPHEN W. PAGELOW,
JEFFREY A. SEEFELDT, TRACHTE
BUILDING SYSTEMS, INC. EMPLOYEE
STOCK OPTION PLAN, ALLIANCE HOLDINGS,
INC. EMPLOYEE STOCK OPTION PLAN,
A.H.I., INC., ALPHA INVESTMENT
CONSULTING GROUP, LLC, JOHN MICHAEL
MAIER, AH TRANSITION CORPORATION, and
KAREN FENKELL,

                Defendants;

PAMELA KLUTE, JAMES MASTRANGELO,
and JEFFREY A. SEEFELDT,

                Cross Claimants,

     v.

ALLIANCE HOLDINGS, INC., and STEPHEN W.
PAGELOW,

                Cross Defendants.

---

    In the latest of a string of disputes about the appropriate scope of post-judgment

discovery, defendant David B. Fenkell seeks a motion to quash plaintiffs' subpoenas *duces*

*tecum* served on Barclays Capital, Inc. and Morgan Stanley, arguing that these subpoenas

"inappropriately seek to obtain private and confidential records of Karen Fenkell, the Fenkell

Children and Mr. Fenkell's Mother." (Fenkell's Mot. (dkt. #1043) 1.)[1]  The court will deny this motion for the same reasons it granted plaintiffs and Alliance Holdings, Inc.'s previously filed motions to compel.  (2/3/2015 Op. & Order (dkt. #1031).)

While the discovery at issue in this motion extends beyond Mrs. Fenkell to the Fenkell children and Mr. Fenkell's mother, the discovery is nonetheless permissible under Federal Rule of Civil Procedure 69.  "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person -- including the judgment debtor -- as provided in these rules and in the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also   Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561-62 (S.D.N.Y. 1977) (recognizing that discovery into a third-party's assets is allowed where the "relationship between the judgment debtor and the [third-party] is sufficient to raise a reasonably doubt about the *bona fides* of the transfer of assets between them.").  Throughout this case, plaintiffs have submitted sufficient evidence of financial manipulation and transfer of moneys under Mr. Fenkell's control to justify the discovery sought here.

If Mr. and Mrs. Fenkell's recent deposition testimony is credited that "no assets were transferred to the Fenkell Children or Mr. Fenkell's Mother in an effort to evade the Judgement herein" (Fenkell's Mot. (dkt.#1043) 6), then the discovery will prove a dead end. If not, then plaintiff were wholly justified in seeking information from financial institutions. Regardless, plaintiffs are entitled to know.

---

[1] The Fenkells have standing to seek an order quashing the subpoenas because they have a personal right or privilege in the underlying financial information sought by the subpoenas.  *See generally* 9A Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 2459 at p.436 n.7 (3d ed. 2008) (citing cases).

Finally, Fenkell contends that the subpoenas must be quashed because they seek private and confidential financial information.  Rule 45 contemplates quashing of subpoenas which seek disclosure of a privileged matter, but provide no basis for quashing a subpoena seeking confidential or private information.  *See* Fed. R. Civ. P. 45(d)(3)(A).  Instead, Fenkell's argument seems to be that the disclosure of this information poses an undue burden on his wife, children and mother.  For the reasons articulated above and in its prior order, the court has already found that this financial information is necessary for plaintiffs and Alliance Holdings to execute on the court's judgment.  Moreover, there is no basis for finding that the information is available from another source; nor would accessing it from another source allay Fenkell's privacy concerns.  As such, "even if such information were considered confidential, the fact that sensitive information is involved in litigation gives a party neither an absolute nor automatic right to have the discovery process hindered."  *Andrews v. Raphaelson*, No. 5:09-cv-077-JBC, 2009 WL 1211136, at *4 (E.D. Ky. Apr. 30, 2009).

ORDER

IT IS ORDERED that defendants David B. Fenkell and Karen Fenkell's motion to quash plaintiffs' subpoenas to financial institutions (dkt. #1042) is DENIED.

Entered this 7th day of July, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3

# COURTROOM MINUTES
## CIVIL

DATE: _9/10/2015_   DAY: _Thursday_   START TIME: _10:09 am_   END TIME: _3:45 pm_

JUDGE/MAG.: _WMC_   CLERK: _ARW_   REPORTER: _FTR_

CASE NO.: _09-cv-413-wmc_   CASE NAME: _Carol Chesemore et al v. David Fenkell_

**APPEARANCES:**

PLAINTIFF(S): _Andrew Erlandson_   DEFENDANT(S): _David Johanson_

_Robert Barton, Erin McAdams_   _Douglas Rubel_

_Charles Jackson_

_Christopher Weals_

**PROCEEDING:**

☐ CONFIRMATION OF SALE          ☐ ORDER TO SHOW CAUSE

☒ CONTEMPT OF COURT             ☐ OTHER: _____

☐ MOTION FOR DEFAULT JUDGMENT

Contempt Hearing as to defendant David B. Fenkell held on 9/10/2015

Recess 10:32-10:47

Witness: David Fenkell; motion to seal testimony of David Fenkell preliminarily GRANTED

Recess 12:29-1:37

Written order to follow

TOTAL COURT TIME: _4' 13"_

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

# REDACTED

REDACTED

# REDACTED

# REDACTED